UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**PATRICIA ANN WALKER**,                                  Case No. 3:11-cv-00265-KI

                    Petitioner,                          OPINION AND ORDER

        v.

**NANCY HOWTON**,

                    Respondents.

        Michelle A. Ryan
        Law Office of Michelle A. Ryan, LLC
        K2 Building
        1717 NE 42nd Avenue, Suite 2104
        Portland, OR 97213

                Attorney for Petitioner

        Ellen F. Rosenblum
        Attorney General
        Kristen E. Boyd
        Assistant Attorney General
        Department of Justice
        1162 Court Street NE
        Salem, OR 97301-4096

                Attorneys for Respondent

Page 1 - OPINION AND ORDER

KING, Judge:

Petitioner Patricia Ann Walker, an inmate incarcerated at Coffee Creek Correctional Facility, brings this action, pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. For the reasons set forth below, I deny the petition.

## BACKGROUND

On October 7, 2005, petitioner was indicted for Murder with a Firearm. Petitioner, on October 1, had called 911 reporting she needed help and that she had shot and killed her husband. She informed the dispatcher that her husband had asked her to shoot him, so she did. Petitioner reiterated this story to the officers who responded to the call, telling them he was suffering from arthritic pain. She intended to shoot him in the knee, but he had dropped down and the bullet hit him in the chest. Sergeant Foster, from the Forest Grove Police Department, noted in his report that petitioner's breath smelled of alcohol. Petitioner told him she had drunk two shots of vodka, some club soda and some lemon.

Officers returned the next day to talk with her "now that she was sober." Ex. 111, at 28. In describing her usual day, she confessed she would often "'sneak' a drink in the afternoon consisting of 3 cubes of ice, several ounces of vodka and a splash of soda in a 16 ounce SOLO brand plastic cups [sic]. When Gary got home around 4pm, [she] said she would fix him the same drink but only fill the vodka to the 'second line' on the 16 ounce cup but would make herself a second drink, filling the vodka to the top line in her cup." Id. at 25. She also explained that they had been arguing, he had said, "What are you going to do [,] get a gun and shoot me?" Id. at 29. She did not remember getting the gun. Her husband kept taunting her, walking down the stairs, and when he was on the second or third step she started to raise the gun up. He leaned

Page 2 - OPINION AND ORDER

forward and reached for the gun.  Petitioner told the officers she did not remember pulling the

trigger, but that she had panicked thinking her husband would use the gun on her if he retrieved it

from her.

Petitioner, represented by retained counsel, entered a guilty plea to Manslaughter in the

First Degree with a Firearm on October 31, 2006.   In her signed Petition to Enter Plea, petitioner

represented that she was not under the influence of any drugs or alcohol either at the time of the

plea or at the time the crime was committed.  She engaged in the following plea colloquy:

> THE COURT:  [The plea petition says] that your physical and mental health is
> presently satisfactory?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  Okay.  It also says that on this –in this paragraph No. 3, that
> you're not under any influence of any drugs, alcohol–and I'm assuming that
> means any medication, anything that might affect your ability to understand what
> we're doing here today.  Is that a true statement?
>
> THE DEFENDANT:  That's a true statement.
>
> . . .
>
> THE COURT:  In paragraph No. 3, one of the sentences that I want to kind of get
> back to, it says, at this time you're not under the influence of any drugs or
> intoxicants, and you've already told me that that's true, but then in parentheses it
> says, nor was I at the time the crime was committed.  As I recall the evidence
> showed that in fact you had been consuming alcohol at the time of this event.
>
> THE DEFENDANT:  I had a small amount, yes.
>
> THE COURT:  Okay.  And is it your belief that you were under the influence of
> intoxicants at the time the crime was committed?
>
> THE DEFENDANT:  No.

Ex. 104, at 4, 6.  The court sentenced petitioner to the mandatory minimum of 120 months'

incarceration plus 36 months of post-prison supervision, pursuant to the terms of her plea

agreement.

Petitioner contacted Oregon's Office of Public Defense Services ("OPDS") by letter

dated December 22, 2006 seeking to appeal her conviction.  The judgment had not yet been

entered.  Because petitioner had been represented by retained counsel at trial, OPDS sent her a

potential client letter on January 4, 2007 containing a financial eligibility affidavit.

The judgment was entered on January 8, 2007.  Although Bronson James, with OPDS,

had not received petitioner's affidavit of financial eligibility for appointed counsel, he filed a

Notice of Appeal on January 29, 2007 to preserve petitioner's right to appeal.  On March 19,

2007, the Court of Appeals informed OPDS that the appeal would go into default in 14 days

unless a transcript was filed.  On March 20, 2007, James sent a letter to petitioner providing a

copy of the notice and informing her that she must complete the enclosed affidavit of indigency

or he would not be appointed to represent her.  The Oregon Court of Appeals dismissed the

appeal on April 27, 2007 for failure to file a transcript.

Unbeknownst to James, petitioner had a mastectomy in early March 2007 after breast

cancer was discovered.  She was in the infirmary as a result of the surgery, and a later infection

from the surgical site, from March 7 to April 7, 2007.  She had not fully recovered until May

2007.

Around the beginning of June, petitioner called James wanting to reinstate the appeal.

For the first time, she informed James she had been in the infirmary.  He suggested she gather

evidence of her visit to the infirmary and he would seek to reinstate the appeal; he opined that it

was not likely to be successful, however.  Petitioner did not contact James again until six to eight

weeks later, at which time she told him she had not gathered materials.  James instructed her to

obtain documents, and that he would also contact the Department of Corrections.  He tried the

Department of Corrections several times but the agency never sent medical records "in no small

part because I had never been appointed as her attorney, because the affidavit had never been

completed."  Ex. 116.  About two months went by before petitioner called James; again, she

informed him she had not obtained documentation of her medical situation.  James advised her

that her best course of action was to pursue post-conviction relief.

     Petitioner filed a pro se Petition for Post-Conviction Relief ("PCR") in state court on

March 27, 2008.  The court appointed counsel for petitioner, who filed an amended petition on

her behalf, and she was deposed on October 21, 2008.

     After a PCR trial on January 25 and March 22, 2010, at which petitioner was represented

by counsel, the court issued a decision on April 29, 2010 denying her post-conviction relief.

Petitioner, represented by counsel, appealed the PCR trial court's decision, presenting a single

assignment of error related to the denial of her constitutional right to effective assistance of

appellate counsel.  The Oregon Court of Appeals affirmed without opinion, Walker v. Howton,

A145435 (2011), and the Oregon Supreme Court denied review on May 5, 2011, Walker v.

Howton, S059295 (2011).

## LEGAL STANDARDS

     An application for a writ of habeas corpus shall not be granted unless adjudication of the

claim in state court resulted in a decision that was (1) "contrary to, or involved an unreasonable

application of, clearly-established federal law, as determined by the Supreme Court of the United

States" or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The state court's findings of fact are presumed correct, and a petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Section 2254(d) is a "'guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal.'" Hibbler v. Benedetti, 693 F.3d 1140, 1148 (9th Cir. 2012) (quoting Harrington v. Richter, __ U.S. __, 131 S. Ct. 770, 786 (2011)) (other internal quotation omitted), cert. denied, 133 S. Ct. 1262 (2013). "'[T]he question . . . is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold.'" Id. at 1146 (quoting Schriro v. Landrigan, 550 U.S. 465, 473 (2007)).

## DISCUSSION

In her Amended Petition for Habeas Corpus, petitioner alleges: (1) her due process right to a fair trial was violated because she was not competent to plead guilty; (2) she was denied her Sixth Amendment right to counsel when her appellate attorney failed to pursue her direct appeal; (3) her guilty plea was invalid on due process grounds for three reasons, including her incompetency to plead guilty; (4) her trial counsel were ineffective for six reasons, including their failure to confirm her mental competency to enter a guilty plea; and (5) her conviction and sentence violated her due process rights because she is actually innocent of the crimes of manslaughter and murder.

After reviewing her Brief in Support of her Amended § 2254 Petition, petitioner has winnowed her arguments down to three principle claims: (1) petitioner was not competent to

Page 6 - OPINION AND ORDER

enter a guilty plea (Grounds One and Three(a)); (2) her attorneys were ineffective in allowing her to enter a plea (Ground Four(b)(vi)); and (3) petitioner's appellate counsel on direct appeal provided ineffective assistance of counsel (Ground Two).

I.    Unbriefed Claims

In her amended petition, petitioner raises more claims than she briefed.  I conclude habeas relief is not warranted as to Grounds Three(b) and (c), Four(a) and (b)(i-v), and Five because petitioner failed to sustain her burden of demonstrating why she is entitled to relief on those claims and because they are procedurally defaulted.  See Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004) (petitioner bears burden of proving he is entitled to habeas relief); Silva v. Woodford, 279 F.3d 825, 835 (9th Cir. 2002).

II.    Procedural Default

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1).  A state prisoner satisfies the exhaustion requirement by "fairly presenting" her claim to the appropriate state courts at all appellate stages afforded under state law, including a state supreme court with powers of discretionary review.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004).

When a state prisoner fails to exhaust his federal claims in state court, and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted.  O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).  If a state prisoner procedurally defaults on a claim in state court, a federal court will not review the claim unless the state prisoner shows cause for the procedural default and actual prejudice from it, or that "failure to

consider the claims will result in a fundamental miscarriage of justice." Wainwright v. Sykes,

433 U.S. 72, 87 (1977); Coleman v. Thompson, 501 U.S. 722, 750 (1991).

     A.     Ground for Relief One and Three(a) for Competency to Enter Guilty Plea

     In two claims, petitioner contends she was not competent to enter a guilty plea as a result

of the medication she was taking.[1]

     "In Oregon, most trial errors must be raised by direct appeal to the Oregon Court of

Appeals." Kellotat v. Cupp, 719 F.2d 1027, 1030 (9th Cir. 1983). However, ORS 138.050 limits

the circumstances under which a defendant may appeal when he has pleaded guilty. State v.

Brown, 225 Or. App. 207, 208, 199 P.3d 890 (2009) (per curiam) (appeal after guilty plea is

limited to appeal from a judgment or order exceeding the maximum sentence or imposing an

unconstitutionally cruel and unusual sentence; could not appeal voluntariness of guilty plea); see

also Resp. 12. Further, violations of a defendant's rights which require an evidentiary hearing for

their determination, such as claims about guilty pleas, are appropriately determined upon post-

conviction review. Kellotat, 719 F.2d at 1030; James v. Mills, Civil No. 10-202-CL, 2010 WL

5424779, at *3, adopted by 2010 WL 5424562 (D. Or. Dec. 27, 2010).[2]

---

     [1]Respondent noted petitioner's brief did not specifically identify the claims she briefed, but believed these grounds were not included. I read petitioner's brief to argue these grounds.

     [2]Petitioner argues on the one hand that any issue regarding the constitutionality of her guilty plea could not have been raised on direct appeal, as I have held above, but also argues that her claim would have been barred in post-conviction proceedings pursuant to Palmer v. State of Oregon, 318 Or. 352, 867 P.2d 1368 (1994). The rule in Palmer, however, provides that "[w]hen a criminal defendant fails to raise an issue at trial that the defendant reasonably could have been expected to raise, the defendant cannot obtain post-conviction relief on that ground unless the defendant alleges and proves that the failure to raise the issue was due to one (or more) of a few narrowly drawn exceptions[.]" Palmer, 318 Or. at 358; Bowen v. Johnson, 166 Or. App. 89, 93, 999 P.2d 1159, rev. denied, 330 Or. 553 (2000). Here, petitioner raises an error that could not

                                             (continued...)

Petitioner concedes she neglected to raise these claims in her post-conviction petition,
thereby procedurally defaulting them, but she suggests I should consider them despite the default
because the nature of her claim–substantive incompetency–should not be subject to default in the
first place.  See Johnston v. Singletary, 162 F.3d 630, 637 (11th Cir. 1998).  She volunteers that
the Ninth Circuit's precedent is to the contrary, but seeks to preserve the issue for appeal.  I
decline petitioner's invitation and, following Martinez-Villareal v. Lewis, 80 F.3d 1301 (9th Cir.
1996), apply the "cause" and "prejudice" standards in order to determine whether to excuse
petitioner's default.

In order to show "cause," petitioner must:

> show that some objective factor external to the defense impeded counsel's efforts
> to comply with the State's procedural rule.  Without attempting an exhaustive
> catalog of such objective impediments to compliance with a procedural rule, we
> note that a showing that the factual or legal basis for a claim was not reasonably
> available to counsel or that some interference by officials made compliance
> impracticable, would constitute cause under this standard.

Murray v. Carrier, 477 U.S. 478, 488 (1986) (internal quotation marks and citations omitted).

Petitioner argues she should be excused from her failure to present her claims to the PCR
trial court because she was incompetent during the post-conviction proceedings and because her
PCR attorney provided ineffective assistance of counsel.

With respect to petitioner's first argument, the Ninth Circuit has refused to consider a
petitioner's mental condition sufficient "cause" to excuse procedural default where a petitioner
remains "able to apply for post-conviction relief to a state court."  Schneider v. McDaniel, 674

---

[2](...continued)
have been raised at trial or on direct appeal, allowing her to assert the challenge in her post-
conviction proceeding.

F.3d 1144, 1154 (9th Cir.), cert. denied, 133 S. Ct. 579 (2012); see also Tacho v. Martinez, 862

F.2d 1376 (9th Cir. 1988) (pro se petitioner's mental condition did not excuse procedural default

when he had the assistance of an attorney).  Here, petitioner filed a coherent pro se PCR petition,

had the assistance of an attorney in filing an amended petition, and participated in a deposition

and in the PCR trial with the assistance of counsel.  In these circumstances, petitioner's mental

health problems do not constitute "cause" to excuse her default.

      Petitioner also relies on Martinez v. Ryan, 132 S. Ct. 1309, 1313 (2012).  In that case, the

Supreme Court held ineffective assistance of counsel in an initial-review state collateral

proceeding may provide cause to excuse the procedural default of an ineffective assistance of

trial counsel claim, provided that the defaulted claim is "substantial."  132 S. Ct. at 1318-20.

      It is settled law that ineffective assistance of PCR counsel does not establish cause.  See

Coleman, 501 U.S. at 753-57.  The "narrow exception" described in Martinez "applies only when

the underlying constitutional claim is ineffective assistance of trial counsel."  McKinney v. Ryan,

__ F.3d __, 2013 WL 5066368, at *6 (9th Cir. Sept. 16, 2013); see also Hunton v. Sinclair, __

F.3d __, 2013 WL 5583975 (9th Cir. Oct. 11, 2013) (Martinez does not apply to underlying

defaulted Brady claim).  Notably, the claim petitioner is trying to excuse here is not an ineffective

assistance of trial counsel claim, but rather a due process claim about her competency to enter a

guilty plea.  See Martinez, 132 S. Ct. at 1316 (explaining the failure to raise an ineffective

assistance of trial counsel claim in the initial post-conviction proceeding means the claim will

never be addressed by any court, whereas other errors have been "addressed by at least one court,

whether it be the trial court, the appellate court on direct review, or the trial court in an initial-

review collateral proceeding").

Page 10 - OPINION AND ORDER

In sum, petitioner cannot show cause and her due process claim is procedurally defaulted.

B.    Ground Four(b)(vi) for Ineffective Assistance of Trial Counsel

Petitioner alleges in Ground Four(b)(vi) that her trial counsel were ineffective for failing to determine whether she was physically and mentally fit to enter a knowing, intelligent, and voluntary plea.  Respondent urges denial of this claim on the basis of procedural default because of petitioner's failure to raise the claims on appeal from the denial of post-conviction relief.  See 28 U.S.C. § 2254(b)(1); Coleman, 501 U.S. at 735 n.1.

Petitioner again concedes she has procedurally defaulted her claim, but argues her failure to present it to the Oregon appeals courts should be excused for the same reasons–because she was incompetent during the post-conviction proceedings and because her PCR attorney provided ineffective assistance of counsel.

I have already rejected petitioner's first argument.  See Schneider, 674 F.3d at 1154.

I also reject petitioner's second argument.  While ineffective assistance of counsel in an initial-review state collateral proceeding may provide cause under Martinez, it does not apply to "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts."  Martinez, 132 S. Ct. at 1320.  Petitioner's PCR counsel raised this claim in the initial-review state post-conviction proceeding, but decided not to appeal the PCR trial court's decision rejecting the claim.  Because the claim was raised in her initial state PCR petition, and was rejected by the PCR trial court on the merits, Martinez has no bearing on the resolution of the case.  Jones v. Franke, No. 2:11-cv-01527-KI, 2013 WL 4026368, at *2 (D. Or. Aug. 5, 2013) (citing cases); see also See Detrich v. Ryan, __ F.3d __, 2013 WL 4712729, at *7,

Page 11 - OPINION AND ORDER

9 (9th Cir. Sept. 3, 2013) (en banc) ("<u>Martinez</u> does not apply to claims that were not procedurally

defaulted, but were, rather, adjudicated on the merits in state court[;]" <u>Martinez</u> allows new

claims of trial counsel ineffectiveness "asserted for the first time on federal habeas").

Petitioner contends her PCR trial attorney's "failure to present evidence about Walker's

medical records and mental health" resulted in the "PCR appellate attorney fail[ing] to raise the

issue on appeal, thereby resulting in [petitioner's] failure to exhaust." Pet.'s Br. 15. Petitioner

similarly argues merely "raising" a claim is not the same as "presenting" the claim.

I have rejected a similar argument before. <u>See</u> <u>Jones</u>, 2013 WL 4026368, at *2 ("Further,

I reject petitioner's suggestion that his ineffective assistance of counsel claims were not

exhausted (i.e. not fairly presented) because PCR counsel failed to present sufficient *evidence* to

prevail on the claims in the initial-review PCR proceeding); <u>see also</u> <u>Whiley v. Mills</u>, 3:10-cv-

00365-JO, 2013 WL 840084, at *8 (D. Or. Mar. 4, 2013).

In sum, this claim must be denied because petitioner procedurally defaulted it by failing

to raise it on appeal from the denial of post-conviction relief. Petitioner has not demonstrated

cause sufficient to excuse her default. <u>See</u> <u>Coleman</u>, 501 U.S. at 750.

III.    <u>The Merits--Ground Two: Ineffective Assistance of Appellate Counsel</u>

In this ground, petitioner alleges she was denied effective assistance of appellate counsel

"due to the functionally absent appellate counsel representation whereby the appellate counsel

failed to pursue Petitioner['s] direct appeal when he was aware that Petitioner wished to appeal

and Petitioner was undergoing a mastectomy and was medically unable to assist him during this

time." Am. Pet. for Writ of Habeas Corpus ¶ 18.

In her state PCR petition, petitioner alleged her appellate counsel "failed to preserve [her]

right to appeal by failing to take adequate steps to insure that her appeal would be taken to the

Court of Appeals, despite appellate counsel's awareness of [her] surgery and convalescence and

consequent inability to complete an affidavit of indigency in a timely manner." Ex. 106, at 5.[3]

The PCR court dismissed the claim, finding:

17. Petitioner failed to prove her claim against her appellate counsel. Appellate
counsel, Bronson James, acted reasonably in sending petitioner materials she
needed to fill out to prosecute her appeal. James had no reason to suspect that
petitioner was physically unable to complete and fill out the materials. Indeed,
there is no credible evidence that petitioner was physically unable to do so.
Because petitioner was not automatically eligible for appointment of appellate
counsel, James mailed an affidavit of indigency to her on the day before judgment
was entered in the case. James filed a notice of appeal on behalf of petitioner
even though he had not heard back from her in order to preserve her right to
appeal. The appeal was eventually dismissed for failure to file a transcript
because counsel had not heard back from petitioner prior to that time. Petitioner
never informed counsel that she was in the infirmary nor did petitioner have
anyone do so on her behalf. Petitioner failed to contact James or have someone
contact James to alert him to her situation. James did everything in his power to
effectuate the appeal for petitioner. Petitioner failed to take the steps necessary to
do so on her own behalf. James asked petitioner to provide some proof that she
was in the infirmary to provide support for a motion to reinstate the appeal;
petitioner told James she had no proof.

Ex. 121, at 7. The PCR court concluded petitioner was not denied the right to assistance of

counsel, that petitioner failed to prove appellate counsel's representation fell below an objective

standard of reasonableness or that there was a reasonable probability the result of the proceedings

would be different but for any errors. Id. at 7-8.

---

[3]In her sur-reply, petitioner suggests she procedurally defaulted this claim, presumably as
a means of supplementing the record with evidence related to her medical condition at the time
of her direct appeal. However, she fully exhausted this claim at all levels of appeal.
Accordingly, as I have concluded below, there is no basis for my consideration of this evidence.

To prevail on a claim of ineffective assistance of counsel, petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687, 688 (1984).  There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." Strickland, 466 U.S. at 689.  Reasonableness is judged as of the time of counsel's conduct, not in hindsight.  Id. at 689-90.  The reasonableness of counsel's actions "may be determined or substantially influenced by [petitioner's] own statements or actions."  Id. at 691.

A federal court reviews a state court's application of Strickland for reasonableness, not for correctness.  Id.  The federal court does not ask "'whether counsel's actions were reasonable'" but "'whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.'"  Id. (quoting Harrington, 131 S. Ct. at 788).  "Accordingly, a 'doubly deferential judicial review' applies to Strickland claims rejected by the state court."  Id. (quoting Knowles v. Mirzayance, 556 U.S. 111, 123, 129 S. Ct. 1411 (2009)).

Petitioner suggests her appellate counsel's assistance was so minimal as to warrant a presumption of prejudice under Penson v. Ohio, 488 U.S. 75 (1988) and Roe v. Flores-Ortega, 528 U.S. 470 (2000).  In Penson, the petitioner's appellate counsel had been granted leave to withdraw and no new counsel had been appointed to replace him, leaving petitioner without the assistance of counsel on appeal when the appellate court itself recognized he had "several arguable claims."  488 U.S. at 79.  Because the petitioner had suffered a complete denial of counsel, the Supreme Court presumed prejudice.  Id. at 88.  In Flores-Ortega, appellate counsel neglected to file a Notice of Appeal at all.  In that case, the Court explained that whether the

Strickland standard of prejudice applies or whether prejudice is presumed depends on "the magnitude of the deprivation of the right to effective assistance of counsel." Flores-Ortega, 528 U.S. at 482.

Contrary to Penson and Flores-Ortega, petitioner's appellate counsel filed a Notice of Appeal on her behalf, never sought to withdraw, and never abandoned her. He repeatedly contacted her in order to perfect his appointment and proceed with the appeal. Accordingly, the PCR court properly evaluated appellate counsel's acts under the Strickland standard.

The issue, then, is whether the PCR court reasonably concluded appellate counsel was not deficient in failing to obtain the materials necessary to continue petitioner's appeal and file the transcript. The PCR court properly concluded he was not. Counsel sent petitioner the affidavit for financial eligibility on January 4, 2007 for completion, two months before she became ill. Petitioner never contacted appellate counsel during this time and she did not inform him of her medical treatment until six months later. When she finally called counsel, he directed her to gather proof of her hospitalization, and he would do the same, in order to attempt to reinstate the appeal. Petitioner failed to do so. In sum, petitioner failed to present evidence to the PCR court that appellate counsel's actions fell outside the wide range of reasonable professional assistance.

Although I need not proceed to the prejudice prong, I consider whether petitioner was prejudiced. "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Flores-Ortega, 528 U.S. at 484. Assuming the appellate attorney was deficient in some fashion, the petitioner has failed to identify a solid basis to conclude a "rational defendant in [her] position would have wished to appeal[.]" Tanner v.

McDaniel, 493 F.3d 1135, 1144 (9th Cir. 2007).  Although petitioner expressed a desire to appeal, and a Notice of Appeal was filed on her behalf, her failure to comply with her counsel's instructions to complete the affidavit undermines the strength of her position.  Furthermore, at least one highly relevant consideration is whether petitioner had any nonfrivolous grounds for appeal.  Id. at 1144 n.9; Flores-Ortega, 528 U.S. at 485-86.  Here, petitioner's appeal would have been pursuant to ORS 138.050, because she entered a guilty plea.  Her arguments would have been limited to whether her sentence exceeded the maximum allowed by law (it did not) or whether the sentence was unconstitutionally cruel and unusual.  Petitioner never raised any sentencing issue with the PCR court, nor does she here.

For these reasons, I conclude the post-conviction court's rejection of petitioner's ineffective assistance of appellate counsel claim is neither contrary to, nor an unreasonable application of, clearly established federal law.  Accordingly, habeas relief is not warranted.  See 28 U.S.C. § 2254(d)(1).

IV.    Expansion of the Record

To support her claims, petitioner asks the court to consider Exhibits 201 to 214 even though they were not presented to the state courts.  These exhibits comprise petitioner's medical records, affidavits from other inmates housed with her, excerpts from the files of Oregon Public Defense Services, petitioner's affidavit, and an affidavit from a former OPDS attorney.

To the extent petitioner requests expanding the record for claims already adjudicated (Grounds Four(b)(vi) and Two), the request must be denied under <u>Cullen v. Pinholster</u>, 131 S. Ct. 1388, 1398 (2011).[4]

If petitioner wishes to introduce new evidence to buttress her argument that cause excuses her procedural default (Grounds One, Three(a)), I deny the request since it is moot. I found any mental condition is not sufficient cause to excuse procedural default in this circumstance, and I have held <u>Martinez</u> does not apply. See <u>Detrich</u>, 2013 WL 4712729, at *7-8.

In sum, I will not consider Petitioner's Exhibits 201 to 214.

## CONCLUSION

The Amended Petition for Writ of Habeas Corpus [14] is denied and this proceeding is dismissed with prejudice. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __28th__ day of October, 2013.

 /s/ Garr M. King
Garr M. King
United States District Judge

---

[4]Petitioner seems to suggest she procedurally defaulted her ineffective assistance of appellate counsel claim, thereby allowing her to prove cause under <u>Martinez</u> and allowing her to submit evidence to support her claim. However, this claim was fully litigated. Accordingly, she is not entitled to this Court's examination of her exhibits. Furthermore, because the exhibits were available well before petitioner filed her PCR petition and could have been presented to the PCR trial court for consideration, she cannot meet the diligence requirement of § 2254(e)(2).